

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RAYMOND G. FARMER, *as Director of the South Carolina Department of Insurance*, and THE SOUTH CAROLINA DEPARTMENT OF INSURANCE,<br>　　　　　　　　　　　Plaintiffs,<br>vs.<br><br>JESSICA K. ALTMAN, *as Rehabilitator of Senior Health Insurance Company of Pennsylvania*, PATRICK H. CANTILO, *as Special Deputy Rehabilitator of Senior Health Insurance Company of Pennsylvania*, and SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA, *in Rehabilitation*,<br>　　　　　　　　　　　Defendants. | Civil Action No. 3:21-00097-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

**I.     INTRODUCTION**

Plaintiffs Raymond G. Farmer, as Director of the South Carolina Department of Insurance, and The South Carolina Department of Insurance (collectively, Plaintiffs), filed a complaint for declaratory and injunctive relief against Jessica K. Altman (Altman), as Rehabilitator of Senior Health Insurance Company of Pennsylvania (SHIP), Patrick H. Cantilo, as Special Deputy Rehabilitator of SHIP, and SHIP, in Rehabilitation (collectively, Defendants), in the Richland County Court of Common Pleas. Plaintiffs subsequently removed the matter to this Court in accordance with 28 U.S.C. § 1332(a)(1).

Pending before the Court is Plaintiffs' motion to remand. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Plaintiffs' motion will be granted.

**II.     FACTUAL AND PROCEDURAL HISTORY**

SHIP is a long-term care insurance (LTCI) company "domiciled in the Commonwealth of Pennsylvania with its principal place of business in Carmel, Indiana." Compl. ¶ 6. SHIP "has not sold new policies since 2003" and "[o]nly a fraction of SHIP's [LTCI] business remains in force." *Id.* ¶ 8.

"The Average SHIP [LTCI] policyholder age is [eighty-six] and the average claimant is [eighty-nine] years old." *Id.* ¶ 9. "SHIP's policies are approximately thirteen percent (13%) home health care coverage, eighteen percent (18%) facility care coverage (nursing home and/or assisted living facility), and sixty-nine percent (69%) comprehensive coverage." *Id.*

"By the time SHIP's management acknowledged that claims costs were going to substantially exceed available assets and revenues, too many severely underpriced policies had already been sold and gone into claims status, resulting in a large underpricing gap." *Id.* ¶ 15. "SHIP will not have enough money to pay for all the benefits expected to be owed to its remaining policyholders." *Id.*

"SHIP has been insolvent since at least December 31, 2018, when it reported a deficit of at least ($466,872,971.00) as of that date." *Id.* ¶ 51. "SHIP's unaudited 2019 annual financial statement shows a negative capital and surplus as of December 31, 2019 of ($916,098,229) and the present deficit is likely much larger." *Id.* ¶ 56.

"SHIP is licensed in approximately forty-six (46) states, including South Carolina . . . ." *Id.* ¶ 60.  "At present, there are approximately 309 SHIP policyholders residing in South Carolina . . . ." *Id.* ¶ 61.

Pennsylvania's Commonwealth Court, on January 29, 2020, placed SHIP into rehabilitation under the Pennsylvania Insurance Department Act, 40 P.S. §§ 221.1–221.63 (the PID Act) due to its extremely poor financial status.  *See* Jan. 29, 2020, Order of Rehabilitation (Rehabilitation Order).  The PID Act sets forth the detailed procedures and processes for the rehabilitation and liquidation of insolvent insurance companies.  Altman, the Insurance Commissioner for Pennsylvania, acts as the rehabilitator for SHIP and other insolvent insurers by "[t]aking possession of the assets of the insurer" and "administer[ing] them under orders of the [Commonwealth Court]."  40 P.S. § 221.15(c).

The Rehabilitation Order directed Altman to "prepare a plan of rehabilitation, which may include a consolidation, merger or other transformation of SHIP . . . ."  Rehabilitation Order ¶ 7.  "A preliminary rehabilitation plan [Initial Plan] was filed on or about April 22, 2020[,] and a copy [was] provided to the directors and commissioners of insurance in the affected states."  Compl. ¶ 65.

The Commonwealth Court sought formal and informal comments in support or in objection to the Initial Plan.  "Three state insurance regulators have intervened as parties in SHIP's [r]ehabilitation proceedings, and two others have otherwise provided Formal Comments to the [r]ehabilitation [p]lan."  Resp. in Opp'n at 7.  South Carolina's state insurance regulator, however, failed to file anything.  *See id.* at 8.  "On or about October 21, 2020, the [r]ehabilitator filed an [A]mended [P]lan with the Commonwealth Court."  Compl. ¶ 66.

3

Plaintiffs, on December 10, 2020, filed a complaint for declaratory and injunctive relief in in the Richland County Court of Common Pleas. As to the declaratory relief, Plaintiffs sought a declaration "the rehabilitation plan is invalid and unenforceable to the extent it seeks to bypass, impede, supersede, diminish or interfere in any manner with the State of South Carolina's regulatory authority over changes to the terms of policies and review and approval of insurance rates and forms" or "to impose unauthorized changes to policies and rates in violation of the rights of South Carolina policyholders." *Id.* ¶ 133.

Regarding injunctive relief, Plaintiffs sought an "order permanently enjoining the enforcement or implementation of any order of the Commonwealth Court or any plan or directive of the Defendants that purports to bypass, impede, supersede, diminish or interfere in any manner with" South Carolina's "regulatory authority over changes to the terms of policies and review and approval of insurance rates in the State" as well as "enjoining Defendants from communicating in any form or manner with South Carolina policyholders regarding proposed changes to policy terms or rates without prior written approval by the state of South Carolina." *Id.* ¶ 135.

As the Court noted above, Defendants subsequently removed the matter to this Court pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs now seek to remand the matter to the Richland County Court of Common Pleas. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a).

"Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

### IV.     DISCUSSION AND ANALYSIS

Plaintiffs make numerous arguments in their motion to remand, but, the Court need only address one of the dispositive ones. Plaintiffs aver, inasmuch as Defendants have "insisted Plaintiffs lack Article III standing to sue in federal court[,] . . . they have argued their way out of the District Court." Mot. at 3. Defendants concede Plaintiffs lack standing to bring any claims before this Court. *See* Resp. in Opp'n at 13 (referring the Court to another briefing by Defendants that "highlights the numerous ways in which Plaintiffs' claims are incurably defective, including their lack of standing to bring any claims.").

"The party attempting to invoke federal jurisdiction bears the burden of establishing standing." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). "Standing is a threshold

5

jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

Here, Defendants, the party attempting to invoke federal jurisdiction in this matter under 28 U.S.C. § 1332, concede "Plaintiffs lack Article III standing to bring their claims in federal court[.]" Resp. in Opp'n at 12. Because "[s]tanding is a threshold jurisdiction question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States[,]" *Pye*, 269 F.3d at 466, the Court agrees with Plaintiffs' contention Defendants "have argued their way out of the District Court[,]" Mot. at 3. Thus, the only course of action for this Court is to remand the matter to the Richland County Court of Common Pleas because Defendants' removal to this Court was improper. *See generally* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

But, even if the Court were not to remand this case on the lack of standing issue, it would have no other choice but to remand it on the basis of Defendants' argument the Commonwealth Court of Pennsylvania "has exclusive jurisdiction to conduct rehabilitation proceedings of insurers domiciled in Pennsylvania[,]" Resp. in Opp'n at 2. After all, if a Pennsylvania state court has exclusive jurisdiction over this matter, that necessarily means this Court lacks any jurisdiction over the lawsuit whatsoever.

Further, Section 1441(a) requires "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." But, the Court necessarily lacks original jurisdiction over a case over which the Commonwealth Court of Pennsylvania has exclusive jurisdiction.  Thus, removal was improper at the onset such that remand is mandatory.

At bottom, for the reasons discussed above, the Court concludes it lacks subject matter jurisdiction, and it must remand the matter to the Richland County Court of Common Pleas.  Inasmuch as the above issues are dispositive, the Court need not address the parties' other arguments.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Plaintiffs' motion to remand is **GRANTED** and this matter is **REMANDED** to the Richland County Court of Common Pleas.  All other motions are, thus, **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 29th day of July 2021, in Columbia, South Carolina.

                                               s/ Mary Geiger Lewis
                                               MARY GEIGER LEWIS
                                               UNITED STATES DISTRICT JUDGE